UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.
                                        Case No: 6:17-cv-2060-Orl-28TBS

HERVE ERILUS and HERVE ERILUS,
LLC,

    Defendants.
_____

## ORDER, PERMANENT INJUNCTION, AND JUDGMENT OF DISGORGEMENT

Before the Court is a Motion for Default Judgment (Doc. 30) against Herve Erilus and Herve Erilus, LLC. The assigned United States Magistrate Judge has submitted a Report (Doc. 32) recommending that the motion be granted; that the Court enter a permanent injunction in the form proposed by Plaintiff; and that the Clerk be directed to enter a judgment against Defendants, jointly and severally, in the amount of $107,895.34. No objection to the Report has been filed, and the time for filing objections has passed.

After review of the record in this matter, and noting that no objection to the Report has been filed, the Court agrees with the findings and conclusions in the Report and Recommendation. For the reasons stated below, and as set forth below, the Report

1

(Doc. 32) is **ADOPTED** and **CONFIRMED** and made part of this Order, the motion (Doc. 30) is **GRANTED**, and a permanent injunction and judgment of disgorgement are entered in favor of the United States and against Herve Erilus and Herve Erilus, LLC.

## FINDINGS OF FACT

The United States filed its Complaint for Permanent Injunction and Other Relief on December 1, 2017. (Doc. 1). The United States served Herve Erilus (Erilus) and Herve Erilus, LLC with a copy of the complaint and summons on December 7, 2017, by personally serving a copy on Erilus, who is the registered agent of Herve Erilus, LLC. (Doc. 11). Erilus answered the Complaint, (Doc. 7), but Herve Erilus, LLC did not appear through an attorney, as required. The Clerk of the Court entered default against Herve Erilus, LLC on March 14, 2018. (Doc. 20).

The Court entered several orders requiring Erilus to show cause for his failure to comply with various orders and local rule requirements. (See Docs. 14 and 24). Erilus failed to respond. As a result, on April 18, 2018, the Court found Erilus to be in default and directed the Clerk of the Court to enter default against Erilus. (Doc. 25). The Clerk of the Court entered default against Erilus on April 18, 2018. (Doc. 26). Consequently, Erilus and Herve Erilus, LLC are deemed to have admitted all well-pleaded allegations of the Complaint. See Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc., 561 F.3d 1298, 1307 (11th Cir. 2009); see also Fed. R. Civ. P. 8(b)(6).

Based on the well-pleaded allegations of the complaint, the Court finds that Erilus is the sole member of Herve Erilus, LLC, through which Erilus owns and operates a tax

preparation store doing business as Travelers Tax Center. (Compl. ¶¶ 6-8, 13–14).

The Defendants prepare tax returns to generate bogus refunds for customers, enabling the Defendants to charge exorbitant fees and maximize profits at the expense of the United States Treasury. Many of the Defendants' customers earn low to moderate incomes and lack knowledge regarding tax law and tax return preparation. Customers often have no knowledge that the Defendants have prepared and filed false tax returns on their behalf. For others, the Defendants mislead customers about what can "legally" be claimed on their tax returns, particularly with respect to various credits and deductions, and by promising customers thousands of dollars of (illegal) refunds to convince them to have the Defendants prepare their tax returns. (Id. ¶¶ 17–18).

The Defendants make false claims on tax returns, particularly on the forms attached to those returns, in order to improperly increase customers' refunds. After completing the returns, the Defendants falsely tell the customers that these forms legally increased the customers' refunds, and charge higher (and often undisclosed) fees due to the additional forms and the higher refund that the Defendants claimed. The Defendants charge customers fees for preparing the return, fees for each tax form attached to the return, and fees for filing the return. These fees are all deducted from the customer's tax refund, often without the customer being told the amount that the Defendants actually charged for preparing the tax return. (Id. ¶ 19).

The Defendants request on customers' tax returns a refund amount that is not based on the customer's actual income, expenses, deductions, and applicable qualifying

credits. Instead, the refund is based on fabricated income, expenses, deductions, and credits reported by the Defendants. (Id. ¶ 20).

The Defendants prepare tax returns for customers claiming bogus education expenses and falsely claiming refundable education credits, including the American Opportunity education credit. The Defendants claim false education credits on the tax returns of customers who did not attend college and had no qualifying education expenses, in order to reduce their customers' taxable income and generate a larger bogus refund. (Id. ¶ 53).

The Defendants prepare tax returns that include fraudulent claims for the Earned Income Tax Credit ("EITC"), often based on bogus dependents, fabricated business income and expenses, and/or false filing status. (Id. ¶ 22).

The Defendants falsify information to claim the maximum EITC. (Id. ¶ 26). The Defendants exploit the EITC rules by creating phony Schedule C income or expenses to bring customers' incomes within the EITC "sweet spot." (Id. ¶¶ 26 & 29). The Defendants prepare tax returns reporting non-existent businesses on bogus Forms Schedule C. (Id. ¶ 29). On some of these returns, the Defendants report substantial income, but little or no expenses. (Id.). On other returns, the Defendants report substantial expenses, but little or no income. (Id.). The determining factor is whether the tax return preparer needed to inflate a customer's income (or create income when the customer has none) or lower the taxable income of a customer who has actual income (such as wages reported on a W-2) to bring the income within the EITC "sweet spot."

(Id.).

Tax preparers are required to follow "due diligence" requirements if claiming the EITC on behalf of their customers. (Id. ¶ 27). The Defendants fail to adhere to the due diligence requirements. (Id. ¶ 28).

The Defendants prepare tax returns reporting bogus itemized deductions on Form Schedule A, "Itemized Deductions," to improperly or fraudulently reduce customers' taxable income. The Defendants prepare tax returns for customers that include Forms Schedule A making false claims for medical expenses, charitable contributions, or purported unreimbursed employee business expenses. In instances where customers do have actual qualifying expenses, such as for charitable contributions, the Defendants report a falsely inflated amount of the expense that the customer incurred, to improperly increase the tax refund claimed on the return. (Id. ¶¶ 71–72).

The Defendants charge unconscionably high tax preparation fees, mostly through added, deceptive fees which are often charged without customers' knowledge. (Id. ¶¶ 79–80). The Defendants also routinely and intentionally fail to disclose to customers all fees charged. (Id. ¶¶ 84–85). The Defendants fail to provide customers with copies of their completed tax returns. (Id. ¶ 88). This enables the Defendants to conceal their false claims from customers. (Id. ¶ 90). Failing to provide a customer with a copy of the completed tax return also violates 26 U.S.C. § 6107(a), which requires that a tax return preparer "shall furnish a completed copy of [a tax return or claim for refund] to the taxpayer not later than the time such return or claim is presented for such taxpayer's

signature." (Compl. ¶ 89).

## CONCLUSIONS OF LAW

Based on the foregoing facts, the Court concludes that Erilus and Herve Erilus, LLC are income tax return preparers who have repeatedly and continually engaged in conduct subject to penalty under 26 U.S.C. §§ 6694 and 6695, and are subject to injunctive relief under 26 U.S.C. § 7407. The Defendants also repeatedly and continually engaged in conduct subject to penalty under 26 U.S.C. § 6701, and are subject to injunctive relief under 26 U.S.C. § 7408. A permanent injunction is necessary to prevent such conduct in the future. A permanent injunction and order of disgorgement is also necessary or appropriate under 26 U.S.C. § 7402 for enforcement of the internal revenue laws. See, e.g., United States v. Stinson, 239 F. Supp. 3d 1299 (M.D. Fla. 2017).

The Court finds that $107,895.34 is a reasonable approximation of the ill-gotten gains that Erilus and Herve Erilus, LLC received for the preparation of unlawful tax returns. This conclusion is based on evidence demonstrating that, as necessary to increase their customers' refunds, the Defendants and those acting at their direction systematically and repeatedly prepared tax returns that falsely claimed: (A) education credits where 1) no IRS Form 1098-T "Tuition Statement" was issued by an educational institution for the taxpayer, or the taxpayer's dependent, claiming the education credit, or 2) the grants or scholarships reported on the Form 1098-T exceed the qualifying education expenses reported on the Form 1098-T, so that the taxpayer, or the taxpayer's dependent, claiming the education credit had no reported out-of-pocket qualifying

education expenses; (B) self-employed business income and/or expenses on Forms Schedule C; and (C) the Earned Income Tax Credit. Accordingly, this disgorgement amount ($107,895.34) reflects the total amount of fees that the Defendants received from preparing federal income tax returns that included at least one of these claims.

**PERMANENT INJUNCTION AND JUDGMENT OF DISGORGEMENT**

Pursuant to 26 U.S.C. §§ 7407, 7408, and 7402, and Fed. R. Civ. P. 65, **IT IS HEREBY ORDERED** that:

A. Herve Erilus and Herve Erilus, LLC, and all those in active concert or participation with them, are permanently enjoined from:

(1) acting as federal tax return preparers or requesting, assisting in, or directing the preparation or filing of federal tax returns, amended returns, or other related documents or forms for any person or entity other than themselves;

(2) preparing or assisting in preparing federal tax returns that they know or reasonably should know would result in an understatement of tax liability or the overstatement of federal tax refund(s) as penalized by 26 U.S.C. § 6694;

(3) owning, operating, managing, working in, investing in, providing capital or loans to, receiving fees or remuneration from, controlling, licensing, consulting with, or franchising a tax return preparation business;

(4) training, instructing, teaching, and creating or providing cheat sheets, memoranda, directions, instructions, or manuals, pertaining to the preparation of federal tax returns;

(5) maintaining, assigning, holding, using, or obtaining a Preparer Tax Identification Number (PTIN) or an Electronic Filing Identification Number (EFIN);

(6) engaging in any other activity subject to penalty under 26

7

U.S.C. §§ 6694, 6695, 6701, or any other penalty provision in the Internal Revenue Code; and

(7) engaging in any conduct that substantially interferes with the proper administration and enforcement of the internal revenue laws.

B. Herve Erilus and Herve Erilus, LLC shall immediately and permanently close, because of the pervasive fraud, all tax return preparation stores that they own directly or through Herve Erilus, LLC, or any other entity, and whether those stores do business as Travelers Tax Center, Travelers Tax Services, or under any other name;

C. Herve Erilus and Herve Erilus, LLC are prohibited from assigning, transferring, or selling any franchise agreement, independent contractor agreement, or employment contract related to Herve Erilus, LLC, Travelers Tax Center, Travelers Tax Services, or any other tax return preparation business to which they or any entity under their control is a party;

D. Herve Erilus and Herve Erilus, LLC are prohibited from: (1) selling to any individual or entity a list of customers, or any other customer information, for whom Herve Erilus, Herve Erilus, LLC, and any other business or name through which Herve Erilus, or those acting at his direction, have at any time since 2013 prepared a tax return; (2) assigning, disseminating, providing, or giving to any current or former franchisee, General Sales Manager, District Sales Manager, manager, tax return preparer, employee, or independent contractor of Herve Erilus, Herve Erilus, LLC, or any other business through which Herve Erilus prepares tax returns or owns or franchises a tax return preparation business, a list of customers or any other customer information for customers for whom

Herve Erilus, Herve Erilus, LLC, and any other business or name through which Herve Erilus, or those acting at his direction, have at any time since 2013 prepared a tax return; and (3) selling to any individual or entity any proprietary information pertaining to Herve Erilus, LLC and any other business or name through which Herve Erilus, or those acting at his direction, have at any time since 2013 prepared a tax return;

E. Herve Erilus and Herve Erilus, LLC shall contact, within 30 days of this Order, by United States mail and, if an e-mail address is known, by e-mail, all persons for whom Herve Erilus, Herve Erilus, LLC, and their managers, employees, and tax return preparers prepared federal tax returns or claims for a refund for tax years beginning in 2013 and continuing through the date of this Order to inform them of the permanent injunction entered against them, including sending a copy of this Order but not enclosing any other documents or enclosures unless agreed to by counsel for the United States or approved by the Court;

F. Herve Erilus and Herve Erilus, LLC shall produce to counsel for the United States, within 30 days of this Order, a list that identifies by name, social security number, address, e-mail address, and telephone number and tax period(s) all persons for whom Herve Erilus, Herve Erilus, LLC, and their managers, employees, and tax return preparers prepared federal tax returns or claims for a refund for tax years beginning in 2013 and continuing through the date of this Order;

G. Herve Erilus and Herve Erilus, LLC shall produce to counsel for the United States, within 30 days of this Order, a list that identifies by name, address, e-mail

address, and telephone number all principals, officers, managers, franchisees, employees, and independent contractors of Herve Erilus and Herve Erilus, LLC from 2013 to the date of this Order;

H.  Herve Erilus and Herve Erilus, LLC shall provide a copy of this Order to all principals, officers, managers, franchisees, employees, and independent contractors of Herve Erilus and Herve Erilus, LLC within 15 days of this Order and shall provide to counsel for the United States within 30 days of this Order a signed and dated acknowledgment of receipt of the Court's order for each person whom Herve Erilus and Herve Erilus, LLC provided a copy of this Order, Permanent Injunction, and Judgment of Disgorgement;

I.  The Court shall retain jurisdiction over Herve Erilus and Herve Erilus, LLC and over this action to enforce this Order, Permanent Injunction, and Judgment of Disgorgement; and

J.  The United States is entitled to conduct discovery to monitor Herve Erilus's and Herve Erilus, LLC's compliance with the terms of this Order, Permanent Injunction, and Judgment of Disgorgement.

**IT IS FURTHER ORDERED** that **JUDGMENT IS HEREBY ENTERED** in favor of the United States and against Herve Erilus and Herve Erilus, LLC, jointly and severally, in the amount of $107,895.34 on the United States' claim brought under 26 U.S.C. § 7402 for the disgorgement of the ill-gotten gains that Herve Erilus and Herve Erilus, LLC received for the preparation of tax returns, for which let execution issue.

The Clerk is directed to close this case.

**DONE** and **ORDERED** in Orlando, Florida, on August 14, 2018.

                                              JOHN ANTOON II
                                              United States District Judge

Copies furnished to:
United States Magistrate Judge
Counsel of Record
Unrepresented Parties